NELSON v. WINTERS STATE BANK et al.

(Court of Civil Appeals of Texas. Austin. June 7, 1911.)

GARNISHMENT (§ 209*) — CLAIMS BY THIRD PERSONS—RIGHT OF INTERVENTION.

Where a bank, garnished in an action against a debtor, admitted the possession of funds belonging to the debtor, that fact entitles the garnishor to judgment against the bank, and another claimant of the fund is not entitled to intervene, as his rights to the fund as against the bank cannot be prejudiced by the bank's answer.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 401; Dec. Dig. § 209.*]

Error from Runnels County Court; R. S. Griggs, Judge.

Action by Bedford & Odell, a copartnership, against Warren S. Butler, in which the State Bank of Winters was garnished. J. V. Nelson then filed a petition in intervention, which was dismissed, judgment being rendered in favor of the plaintiff against the garnishee bank, and intervener brings error. Affirmed.

R. B. Truly, for plaintiff in error.

KEY, C. J. Bedford & Odell, a mercantile partnership, brought suit against one Warren S. Butler, and sued out a writ of garnishment against the State Bank of Winters. The bank, as garnishee, answered, admitting that it was indebted to Butler in the sum of $147.25, the balance of a sum collected by it upon a note held as collateral security for an indebtedness of Butler to the bank. J. V. Nelson filed a plea of intervention, alleging that the bank was not indebted to Butler, and that the money held and admitted by it to belong to Butler did not belong to him, but to intervener Nelson. The trial court dismissed the plea of intervention, and rendered judgment against the garnishee bank, and intervener Nelson has appealed, and assigned as error the action of the trial court in dismissing his plea of intervention. We overrule the assignment and affirm the judgment. We do not think plaintiff in error's petition showed that it was necessary for him to intervene in order to protect any right of his. In answering the writ of garnishment, the bank made an absolute and unconditional admission of its indebtedness to Butler, and that admission entitled Bedford & Odell to judgment against the bank, regardless of any claim the intervener may have also had against the bank. If plaintiff in error is correct in his contention, and the bank was in fact indebted to him, or he was entitled to the excess which the bank admitted belonged to Butler, the judgment in this case will not preclude him from maintaining an action against the bank; and we do not think the trial court abused its discretion in refusing to permit him to litigate that question in this case.

Judgment affirmed.